UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICHARD PINSONNEAULT, | : | NO.: 3:11-cv-00946 (VLB) |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF HAMDEN, | : | |
| Defendant. | : | August 22, 2012 |

MEMORANDUM OF DECISION DENYING DEFENDANT'S MOTION TO DISMISS
[Dkt. ##10,20]

I.   Introduction

The Plaintiff, Richard Pinsonneault, brings this action against Defendant,

Hamden Board of Education ("Board"). [Dkt. #18, Am. Compl. Count One ¶¶ 1-2].

Plaintiff originally brought action against the City of Hamden ("City"), rather than

the Board, on June 14, 2011. [Dkt. #20-1, p. 2]. On October 21, 2011 this Court

directed the Plaintiff to amend his complaint to properly substitute the Board for

the City by November 11, 2011. *Id.*  Plaintiff filed the current amended complaint,

with the aforementioned substitution of defendants on October 26, 2011. *Id.*

In Count One, the Plaintiff alleges that he was forced by the Board to retire

on December 1, 2009 when the Board altered his responsibilities in a manner

which did not comport with his health restrictions. [Dkt. #18, ¶¶ 4-9]. Additionally,

Plaintiff alleges that Defendant refused to provide him with a "reasonable

accommodation" for his medical condition in violation of the Americans with

Disabilities Act ("ADA"). *Id.* at ¶¶ 10-16.

Currently pending before the Court is a motion to dismiss filed by the

Board asserting that the Plaintiff's claim is untimely as it was not filed against the

1

Board within 90 days of receiving his "right to sue" letter from the Department of Justice ("DOJ") as required by 42 U.S.C. § 2000e-5(f)(1).  For the reasons set forth below, the Motion to Dismiss is DENIED.

II.     Factual Background

Plaintiff was employed by the Board as a security guard at Hamden High School for 11 years, beginning in October 1998. [Dkt. #18, ¶¶ 1, 3]. Between 1998 and 2009, Plaintiff alleges that the Board did not express any concerns regarding his work performance. Plaintiff reports that he received excellent performance evaluations and never received any disciplinary action. *Id.* at  ¶¶ 3-4, 9. Although Plaintiff notes that security guards could be assigned to desk positions, his job involved walking the floors of the school. *Id.* at ¶ 5.

On or about June 29, 2009, Plaintiff's physician Dr. Anthony G. Lendino informed the Board that due to his medical issues the Plaintiff required an accommodation allowing him to "use the bathroom whenever necessary." *Id.* at ¶ 6. This request for accommodation by Plaintiff's physician also asked that Plaintiff not be assigned to desk duty out of concern that Plaintiff would not be able to obtain coverage if he needed to use the bathroom. *Id.* Plaintiff alleges that the Board had access to his medical records. *Id.* at ¶ 7.

Despite this request for an accommodation by his physician, Plaintiff reports that he was given new duties at the start of the 2009-10 academic year which included desk duty. *Id.* at ¶ 8. Plaintiff alleges that the Board thus refused to provide him with a reasonable accommodation by forcing him to work assignments which did not provide him with the necessary bathroom access. *Id.*

at ¶ 10. He also alleges he felt "extreme stress and anxiety" when no one responded to his requests for relief to use the bathroom. Plaintiff reports that his physician ultimately placed him on medical leave when his stress caused arm pain, elevated blood pressure, insomnia, anxiety, and exacerbated depression. *Id.* at ¶¶ 10-11. Plaintiff's physician indicated that these conditions were all made worse by the Board's failure to accommodate Plaintiff and their harassment and discipline of him after he complained of his medical issue. *Id.* at ¶ 11.

Plaintiff alleges that after requesting accommodation, the Board harassed him by assigning him desk duty, a role which did not allow him bathroom access whenever necessary, and by subjecting him to discipline and forcing him to undergo examination by an independent medical doctor who alleged he was unable to perform the duties of his position. *Id.* at ¶ 12. Plaintiff contends that the Board forced him to resign, threatening that if he did not resign they would fire him, leaving him without a pension. *Id.* at ¶ 13. Plaintiff resigned on December 10, 2009. *Id.* at ¶ 4. As a result of his resignation, Plaintiff was left with only 40% of his pension. *Id.* at ¶ 13.

Plaintiff exhausted his administrative remedies with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and the Equal Employment Opportunity Commission ("EEOC") and the CHRO released its jurisdiction. [Dkt. #20-1, Mem. Of Law In Supp. Of Def. Mot. To Dismiss p. 1-2]. The DOJ issued a "right to sue" letter on behalf of the EEOC on July 12, 2011. *Id.* at p.2.

Plaintiff originally brought action against the City, rather than the Board, on June 14, 2011. *Id.* On October 21, 2011 this Court directed the Plaintiff to amend his complaint, naming the proper defendant, and Plaintiff filed the current amended complaint on October 26, 2011. *Id.*

II.   Defendants' Motion to Dismiss

A.   Standard of review

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While Rule 8 does not require detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (internal quotations omitted) "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*(internal citations omitted).

In considering a motion to dismiss for failure to state a claim, the Court should follow a "two-pronged approach" to evaluate the sufficiency of the

4

complaint. *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949-50). "At the second step, a court should determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (internal quotation marks omitted).

B.     Count One

Plaintiff brought suit against the City on June 14, 2011. [Dkt. #1, Compl.]. On October 21, 2011 this Court directed the Plaintiff to amend his complaint, naming the Board as the Defendant.  [Dkt. #17]. Plaintiff filed the current amended complaint on October 26, 2011. [Dkt. #18].

The Board seeks to dismiss Plaintiff's claim asserting that Plaintiff failed to bring suit against the Board within the statutorily prescribed 90 day period from the date he received his "right to sue" letter. 42 U.S.C. § 2000e-5(f)(1). "The 90-day period is 'strictly enforced' and cannot be extended 'by even one day'." *Hughes v. Elmira Coll.*, 584 F. Supp. 2d 588, 589 (W.D.N.Y. 2008); *see also Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984) (affirming a grant of summary judgment for failure to comply with the 90-day rule, stating that "in the absence of a recognized equitable consideration, the court cannot extend the

limitations period by even one day.") (quoting *Rice v. New England College*, 676 F.2d 9, 11 (1st Cir. 1982)).

The Board alleges that the 90-day period within which Plaintiff could have filed suit expired on October 13, 2011. The DOJ sent the Plaintiff a right to sue letter on July 12, 2011. [Dkt. #20-1, Mem. Of Law In Supp. Of Def. Mot. To Dismiss p. 2]. 90 days from that date is October 10, 2011. However, "courts generally presume that a mailed document is received three days after the date on which it is sent." *Hughes*, 584 F.Supp.2d at 590 (citing Fed. R. Civ. P. 6(d); *Comrie v. Bronx Lebanon Hosp.*, 133 F.3d 906 (2d Cir. 1998)). Thus, applying this three-day grace period for mailed documents, Plaintiff's ninety-day period within which to sue expired on October 13, 2011, thirteen days before he brought suit on October 26, 2011. [Dkt. #20-1, Mem. Of Law In Supp. Of Def. Mot. To Dismiss p. 4].

However, the Federal Rules of Civil Procedure provide that under certain circumstances an amendment to a pleading "relates back to the date of the original pleading." Fed. R. Civ. P. 15(c)(1). Relation back will apply if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading". Fed. R. Civ. P. 15(c)(1)(B). Amendments also relate back where the amendment changes the "party or the naming of the party against whom a claim is asserted, provided several requirements are satisfied. Fed. R. Civ. P. 15(c)(1)(C). First, the amendment to substitute a party must satisfy 15(c)(1)(B) such that the amendment "asserts a claim or defense that arose out of the conduct, transaction or occurrence set out--or attempted to be set out—in the original pleading." Fed.

6

R. Civ. P. 15(c)(1)(B). Additionally, the substituted party must have been served within the period set forth in Fed. R. Civ. P. 4(m). Fed. R. Civ. P. 15(c)(1)(C). Moreover, the substituted party must have received sufficient notice of the action such that the party "will not be prejudiced in defending on the merits." Fed. R. Civ. P. 15(c)(1)(C)(i). Lastly, an amendment to substitute a party will relate back if the party to be substituted knew, or should have known "that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii).

The purpose of relation back is "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Krupski v. Costa Crociere S. p. A.*, 130 S. Ct. 2485, 2494 (2010); *see also Siegel v. Converters Transp., Inc.*, 714 F.2d 213, 216 (2d Cir. 1983) ("The purpose of Rule 15 'is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities.') (citation omitted). In fact, 15(c)(1)(C) was written, at least in part, to prevent a common problem of individuals accidentally suing the wrong party, resulting in "a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity." *Krupski* at 2494-95. The Second Circuit has long held "that Rule 15(c) was to be liberally construed, particularly when an amendment does not 'allege a new cause of action but

merely . . . make[s] defective allegations more definite and precise.'" *Siegel* at 216 (quoting *Glint Factors, Inc. v. Schnapp*, 126 F.2d 207, 209 (2d Cir. 1942)).

       i.      Rule 15(c)(1)(B)

Here, Plaintiff's amendment to substitute the Board for the City plainly satisfies Rule 15(c)(1)(B)'s requirements for relation back by asserting the same claim arising out of the very same transaction and occurrence set forth in the original complaint. *See Tenay v. Culinary Teacher's Ass'n of Hyde Park, New York, Inc.*, 225 F.R.D. 483, 485-86 (S.D.N.Y. 2005) (holding that the plaintiff's amendment changing only the names of defendants from his original pleading leaves "no question" that the claim arose from the same transaction or occurrence). Thus, the amended complaint clearly satisfies 15(c)(1)(B).

       ii.      Rule 15(c)(1)(C)

Plaintiff's amended complaint also satisfies 15(c)(1)(C)'s relation back standard. As described above, the first requirement of this section, demanding satisfaction of 15(c)(1)(B) is satisfied. Fed. R. Civ. P. 15(c)(1)(C). The rule also requires that (1) the new Defendant received notice of the action so it will not be prejudiced in defending the claim, (2) that the Defendant knew or should have known that they would have been sued but for a mistake over who the proper Defendant was, and (3) requires that this take place within the "period provided by Rule 4(m) for serving the

summons and complaint". *Id.* Rule 4(m) provides that a defendant must be served within 120 days of filing a complaint. Fed. R. Civ. P. 4(m).

The Supreme Court's decision in *Krupski* provides an informative example of the notice and mistake elements of Rule 15(c)(1)(C). In *Krupski,* a woman was injured on the deck of a cruise ship and sued "Costa Cruises". After some litigation, however, it was discovered that "Costa Cruises" was simply the North American sales wing of the company she actually should have sued - the carrier "Costa Crociere". By the time the plaintiff discovered the appropriate party to sue and amended her complaint, the statute of limitations had passed. *Krupski* at 2490-92.

Costa Crociere did not contest that they had "constructive notice" of Krupski's complaint given their relationship with Costa Cruises. *Id.* at 2497. The District Court had also held that because Krupski's complaint made clear that she intended to sue the company which "'owned, operated, managed, supervised, and controlled' the ship on which she was injured" Crociere should have known that its absence from the original complaint was due only to her mistake over the proper name of the entity who possessed such control. *Id.* Krupski knew that both Costa Cruises and Crociere existed, she merely misunderstood who was responsible for the conduct which was the subject of her lawsuit. *Id.* at 2494 (recognizing that "[a] plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim."). The Supreme Court also noted that the

Costas Crociere and Cruise were closely interrelated corporate entities, and even had similar names as "crociera" means "cruise" in Italian. *Id.* at 2498. Lastly, the Supreme Court noted that the two Defendants in *Krupski* were "represented by the same counsel". *Krupski* at 2491.  Concluding that the facts all indicated that the substituted defendant was on notice and should have known they would have been sued but for the plaintiff's mistake, the Court held that the amendment did relate back pursuant to Rule 15(c)(1)(C). *Id.* at 2498.

Although courts have sometimes held "that the naming of one government party or the wrong government official does not place the proper government party or official on notice of the suit", these situations have generally involved more attenuated governmental relationships. *See, e.g., Gardner v. Gartman*, 880 F.2d 797, 799 (4th Cir. 1989) (plaintiff's attempted amendment to sue Secretary of the Navy, rather than her commanding officer, did not relate back where Secretary of Navy did not have notice of the claim); *see also Bell v. Veterans Administration Hospital*, 851 F.2d 1366 (11th Cir. 1988) (holding that plaintiff could not substitute the Administrator of Veterans Affairs for the hospital as defendant even though the administrative hearings arguably put the Administrator on notice of the claim).

Here, no such attenuation exists.  The Board clearly had notice of the action against the City within the Rule 4(m) period. As in *Krupski*, the two Defendants were represented by the same attorney, Johanna G. Zelman.

*See* [Dkt #7, Appearance]. Additionally, the Hamden Board of Education is a department directly within the City of Hamden itself, much like the parent-subsidiary corporate defendants discussed in *Krupski*.  The City must have notified the Board of education about the case as the City could not have defended the case, and in particular discharged its initial discovery duty, without notifying the Board of Education about the case. Thus, having been represented by the same counsel and having a closely affiliated relationship within the municipality, the Court finds that the Board had constructive notice of the Plaintiff's action.

b.      Knowledge and Mistake

Courts have repeatedly shown a willingness to apply a liberal construction of the rule, as *Siegel* suggested, when analyzing the knowledge mistake element under Rule 15(c)(1)(C)(ii). *See Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 469 (2d Cir. 1995) (suggesting that "suing the police department, rather than a department head" is one type of mistake referring to by 15(c)(1)(C)(ii)); *see also Roberts v. Michaels*, 219 F.3d 775, 778 (8th Cir. 2000) (describing a broad "misnomer principle" for acceptable mistakes contemplated by 15(c)(1)(C)(ii), including naming a parent vs. a subsidiary, a building rather than its owner); *Tenay* at 486 (relation back allowed where Plaintiff accidentally named the corporation's labor union rather than the corporate parent, even though the plaintiff had written a letter to the proper party a year before the suit).

Here, the Plaintiff has alleged sufficient facts to show that the desired substitute Defendant, the Board, "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). In *Krupski* it was clear the plaintiff sought to sue the party who controlled and owned the ship, thus the Supreme Court held that Costa Crociere should have known that it was the intended target of the suit, and was not named as the defendant due to a mistake by the plaintiff in failing to recognize the appropriate party to sue. *Krupski* at 2497. Similarly here, Mr. Pinsonneault clearly sought to sue the employer he alleges forced him to retire. [Dkt. #18 Amended Complaint, ¶s 3-14]. Thus, the Board should have known that Plaintiff's failure to name it as a defendant was the result of a mistaken belief that he worked for the City and not the Board specifically. This mistake comports with the category of mistakes broadly described in cases like *Barrow* and *Roberts*, which have been found to satisfy Rule 15(c) to allow relation back.

Thus, because the Plaintiff would have sued the Board of Education but for a harmless mistake; and further, because Plaintiff's amended complaint comports with Fed. R. Civ. P. 15(c), the Court finds that the Amended Complaint relates back to the date of his original complained, filed on July 14, 2011.

## II.      Conclusion

12

Therefore, for the aforementioned reasons, Defendant's motions to dismiss for failure to bring suit within 90 days of obtaining a right to sue letter is DENIED as Plaintiff's Amended Complaint, naming the Board as Defendant, relates back pursuant to Fed. R. Civ. P. 15(c) to the date of his original complaint, and is thus timely within the 90 day period set forth in 42 U.S.C. § 2000e-5(f)(1).

IT IS SO ORDERED.


_____/s/_____

Hon. Vanessa L. Bryant

United States District Judge


Dated at Hartford, Connecticut: August 22, 2012

13